# United States District Court
# Northern District of Indiana
# Lafayette Division

| | | |
|---|---|---|
| JOEL FERGUSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:16-CV-10 JVB |
| | ) | |
| MENARD INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiffs Joel and Tammy Ferguson sued Defendant Menard Inc. in Tippecanoe County Superior Court for damages rising out of Joel Ferguson's injury at a Menard store.[1] The case was removed to federal court on the basis of diversity jurisdiction. The Court finds that it has jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

This matter is now before the Court on Menard's motions for summary judgment (DE 37) and to strike certain evidence Plaintiffs have offered in opposition to Menard's motion for summary judgment (DE 44). After having provided the parties with a draft of this opinion, the Court held oral argument on the motion on September 26, 2017.

**A.    Facts**

On January 17, 2014, Plaintiff Joel Ferguson, a truck driver, was making a delivery to the Menard store in West Lafayette, Indiana. The loading dock where he was to make his delivery

---

[1]Because there is no reason to again refer to Tammy Ferguson by name in this opinion, when "Ferguson" is used, it refers to Joel.

was equipped with a dock leveler. A dock leveler is a metal plate that extends from the end of the dock. Once it is in place it forms a ramp or bridge between the dock and a trailer so that a forklift can drive over it to unload pallets from within the trailer.

Ferguson had experience operating dock levelers similar to the dock levelers used at Menard. That dock leveler is put in place by inserting a hand lever, also called a handle or bar, into a socket in the device. On the day of the incident, Ferguson found the lever and put it into the socket, in the one o'clock position. Using both hands, he lowered the lever by pulling it toward himself, attempting to get the lever to the 9 o'clock position (parallel to the dock floor), where it needed to be to place the dock leveler in its locked position, ready for use. However, when Ferguson moved the lever he could not get the dock leveler to lock in place. While attempting to put the lever back in its original one o'clock position, the lever was pulled out of his hands. It came out of the socket, and spiraled back, striking Ferguson above his right eye. He testified that it was pulled out of his hands by the weight of the dock leveler plate because the spring mechanism did not engage.

Menard employee Marcus Curtin was operating a forklift in the receiving area facing the loading dock doors and was positioned behind Ferguson when the incident occurred. On the evening of the day of Ferguson's accident, after the accident, Curtin, James Van Fossan (another loading dock worker), and Menard's receiving manager, Randy Harcourt, tested the dock leveler Ferguson had used. Each of the three men operated the dock leveler two or three times. Each time the dock leveler operated properly and the dock plate locked in position when the lever was lowered to the nine o'clock position. The dock levelers at the Menard store in West Lafayette have been in continuous use since the store opened in 2006. Curtin and Van Fossan worked at

2

the receiving dock there between 2012 and 2016. During that time there were no reports of difficulty using the dock leveler and the only injuries to anyone using a dock leveler was the injury to Ferguson.

Ferguson's amended complaint alleges simply that his injuries "resulted from the negligence and/or fault of Menards and/or APS." (DE 3 at 2.)[2] During discovery, Menard attempted to flesh out this allegation by propounding an interrogatory asking Plaintiffs to state each reason why they contend Menard was negligent. Plaintiffs' answer was that "the dock-plate system malfunctioned and caused a bar to shoot up and hit me in the eye/face . . ." adding that the response "may be supplemented as discovery continues." (DE 46-1 at 4.) Plaintiffs never supplemented the response. Plaintiffs were also asked in the interrogatories to identify the experts they intended to call at trial. They named only Jay Nogan, who, they said, would provide testimony regarding the design, installation, operation, and maintenance of the dock leveler.

At the preliminary pretrial conference held on May 26, 2016, Magistrate Judge John Martin established December 30, 2016, as the deadline for Plaintiffs' expert witness disclosures and reports (DE 20). By order dated September 14, 2016, he reaffirmed that deadline. When Plaintiff did not disclose any additional experts or serve any expert reports on Menard by the deadline, Menard, on January 12, 2017, filed its motion for summary judgment on the basis of Plaintiffs' claim that the dock leveler malfunctioned.

In the motion for summary judgment, Menard argued that the undisputed evidence showed that there is no evidence of any defect in the dock leveler that caused Ferguson's injury

---

[2]"APS" is former Defendant 4Front Engineered Solutions Inc., the company that sold the dock leveler to Menard. It has been dismissed from this action (DE 56).

and that Menard had no actual or constructive knowledge of any unreasonably hazardous condition presented by the dock leveler.

Plaintiffs filed their response to the summary judgment motion on February 24, 2017, which they supported with the affidavit and expert report of Brooks Rugemer, video surveillance tapes, and excerpts from the deposition testimony of Bill Nash and James Van Fossan. Rugemer's expert report was dated January 1, 2017. In their response, Plaintiffs asserted for the first time that the forklift struck the dock leveler and caused the lever to fly into the air, striking Ferguson. They also claimed that the testimony of Nash and Van Fossan raises a factual issue as to whether improper adjustment and maintenance of the springs in the dock leveler contributed to the incident.

**B.    Discussion**

**(1)    *The Motion to Strike***

Menard argues that Rugemer's affidavit should be stricken because it was untimely and because it is inadmissible under Federal Rule of Evidence 702. There is no need to discuss the timeliness issue because in any case Rugemer's affidavit is inadmissible because it is not helpful. It is not based on any scientific principles, but instead relies on his viewing of an extremely poor quality video that he claims shows that the forklift struck the dock leveler when it was in an upright position. Rugemer is no better qualified to say what the video shows than a juror would be. He applied no scientific, technical, or other specialized knowledge that would help the trier of fact to understand the evidence. Moreover the data—the video tape—is of such poor quality that it is impossible to tell from it whether the forklift struck the dock leveler or when the lever

4

left the socket and struck Ferguson. Thus Rugemer's opinion is not based on sufficient facts or data. In fact, there wasn't any disagreement that Rugemer's testimony added nothing to the surveillance video because anyone looking at it would be just as qualified as he is to interpret it. Accordingly, his report does not meet the requirements of Federal Rule of Evidence 702 for the admission of expert opinions.

Nor is the surveillance video by itself enough to defeat summary judgment. After viewing the video repeatedly, the Court concludes that no reasonable jury could find that the video depicts the forklift hitting the dock leveler, launching the lever such that it struck Ferguson. To reach this conclusion on the indistinct images shown on the video would be pure speculation. Finally, Menard asks the Court to strike the deposition testimony of Bill Nash and James Van Fossan. Nash is an employee of former co-defendant 4Front Engineered Solutions Inc. At his deposition he testified about his April 14, 2016, inspection of the dock leveler Ferguson used at the Menard store in West Lafayette the day he was injured. The inspection took place more than two years after the incident. According to Nash, the springs in the dock leveler mechanism were not evenly tensioned on April 14, 2016. He explained that the unequal tension would increase the amount of force required to operate the dock leveler. James Van Fossan, a Menard employee who worked in receiving at its West Lafayette store from 2010 to July 2016, noted that shortly after the incident, the tension in the two springs did not look the same. He said the tension was about the same but just a little loose. He concluded that the looseness had nothing to do with the operation of the dock leveler because he had no problem in extending it right after the accident.

Menard argues that this testimony should be stricken because Plaintiffs didn't disclose

their claim that unequal tension in the spring mechanism of the dock leveler caused the lever to fly out of its socket and injure Ferguson until their response to the motion for summary judgment and because whether the misadjustment caused the lever to leave the socket is a matter of conjecture. But the Court finds no need to strike this testimony, because even considering it, Menard is entitled to summary judgment.

**(2)** *The Motion for Summary Judgment*

A movant is entitled to summary judgment if it shows that there is no genuine dispute as to any material issue of fact and the movant is entitled to summary judgment as a matter of law. Federal Rule of Civil Procedure 56(a). The entry of summary judgment is required, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Under Indiana law, a business owner is liable for physical harm to an invitee caused by a condition on its premises if, but only if, among other things, the owner knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to the invitee. In other words, the owner of the premises has a duty to exercise reasonable care to protect invitees from foreseeable dangers, but is not an insurer of their safety. *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144, (Ind. Ct. App. 2012).

After disregarding the evidence that has been stricken, Plaintiffs are left with nothing more than the testimony of Nash and Van Fossan that the springs in the dock leveler mechanism were of unequal tension, Nash's statement that the unequal tension would make the dock leveler

harder to operate, and Ferguson's claim that the failure of the spring mechanism to engage caused the lever to be ripped from his hands and fly out of the socket. There is no evidence that the unequal tension in the springs caused the failure to engage or that the failure to engage launched the lever out of the socket, but even if the tension difference did cause the lever to leave the socket, Plaintiffs have designated no evidence from which a reasonable jury could conclude that Menard knew or should have known of the unequal tension in the springs or that the unequal tension created a dangerous condition. The undisputed evidence is that there had never been an incident with any of the dock levelers at the Menard in West Lafayette similar to what Ferguson experienced. Shortly after the accident, Menard employees operated the dock leveler Ferguson had used without encountering any difficulties. Plaintiffs have offered no evidence to show that the lever leaving the socket and striking the operator of a dock leveler was a foreseeable danger when there is unequal tension of the springs. Because Plaintiffs have not designated any evidence on this element of their claim, Menard is entitled to summary judgment, a conclusion in which Plaintiffs concurred at oral argument.

**C.    Conclusion**

For the foregoing reasons, the Court GRANTS Menard's motion to strike (DE 44) in part, DENIES it in part, and GRANTS its motion for summary judgment (DE 37).

SO ORDERED on September 27, 2017.

   s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge